# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| v. § | |
| § | CRIMINAL ACTION NO. 4:08-CR-0016 |
| RICHARD KEITH TAYLOR (1), § | |
| § | |
| Defendant. § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on May 10, 2018, and June 5, 2018, to determine whether Defendant violated his supervised release. Defendant was represented by Robert Arrambide. The Government was represented by Camelia Lopez.

Richard Keith Taylor was sentenced on October 22, 2008, before The Honorable Marcia A. Crone of the Eastern District of Texas, after pleading guilty to the offense of Felon in Possession of a Firearm, a Class A felony. This offense carried a statutory maximum imprisonment term of 15 years to life imprisonment. The guideline imprisonment range, based on a total offense level of 33 and a criminal history category of VI, was 235 to 293 months. Richard Keith Taylor was subsequently sentenced to 235 months of imprisonment, followed by a 4 year term of supervised release, subject to the standard conditions of release, plus special conditions to include access to requested financial information; participation in a drug aftercare program; and a $100 special assessment. On October 17, 2016, pursuant to a Motion filed under Title 28 U.S.C. § 2255, the sentence was amended as the offense no longer was classified as a violent felony. As such the

offense carries a statutory maximum imprisonment term of 10 years, a class C felony. The guideline imprisonment range, based on a total offense level of 24 and a criminal history category of VI, is 100 to 125 months. Richard Keith Taylor was subsequently sentenced to Time Served, followed by a 3 year term of supervised release, subject to the standard conditions of release, plus special conditions to include access to requested financial information; participation in a drug aftercare program; and a $100 special assessment. On October 17, 2016, Richard Keith Taylor completed his period of imprisonment and began service of the supervision term.

On February 21, 2018, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 92, Sealed]. The Petition asserted that Defendant violated four (4) conditions of supervision, as follows: (1) Defendant shall refrain from any unlawful use of a controlled substance; (2) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (3) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation office, until such time as the defendant is released from the program by the probation officer; and (4) Defendant shall notify the probation office at least ten days prior to any change in residence or employment.

The Petition alleges that Defendant committed the following acts: (1) On December 6, 2017, the defendant reported to the probation office and admitted to using cocaine. A subsequent drug screen tested positive for cocaine on this date; (2) On January 18, 2018, the defendant reported to the probation office and submitted a urine sample, which tested positive for cocaine. The urine specimen submitted for testing confirmed positive for cocaine; (3) On December 6, 2017, Mr. Taylor was enrolled in the U.S. Probation Office's random drug testing program and provided

written instructions regarding calling in to the drug testing notification line and reporting to the testing facility as instructed. Mr. Taylor failed to call the notification line as instructed from December 14, 2017, to January 16, 2018. He again failed to call the notification line on January 20, 25, 27, 28, 30, and 31, 2018. Additionally, Mr. Taylor has failed to call the notification line since February 7, 2018. The defendant failed to report to the drug testing facility on December 13, 15, and 18, 2017; January 5 and 10; and February 8 and 16, 2018, to submit a urine sample for drug testing as required. Mr. Taylor was instructed on December 13, 2017, to report to the Mayhill Behavioral Hospital Rehabilitation Center for an intake appointment for inpatient substance abuse treatment; however, Mr. Taylor failed to keep said appointment. Documentation from the drug aftercare counselor with McCary Counseling Services stated that on January 19, 2018, Mr. Taylor was instructed in person that he was required to attend the Cognitive Behavioral Treatment Group aftercare program every week beginning that evening. Mr. Taylor failed to return to the treatment facility and has not completed his registration or attended any counseling sessions as of this writing; (4) On December 6, 2017, the defendant reported that he changed his employment on October 23, 2017. The defendant did not notify the probation office within 10 days prior to the change of said employment.

On May 10, 2018, Defendant entered a plea of not true to all four (4) allegations of the Petition. U.S. Probation Officer Deborah White offered testimony for the Government. Government Exhibits 1 and 2, the supervised release revocation sentencing options, and the lab drug test report, were admitted. The Defendant testified on his own behalf. Defendant Exhibit 1, an article on sex and cocaine, was admitted. At the request of the Defendant, the Court delayed its final recommendation pending the receipt of briefing. The Defendant filed his Memorandum in Support of Respondent's Request for Equitable Consideration in his Revocation Sentence [Dkt.

#107] on May 15, 2018, and the Government filed its Response in Opposition [Dkt. #109] on May 16, 2018.

On June 5, 2018, the final hearing was reconvened. Having considered the evidence, briefing, and arguments presented, the Court finds that the Defendant did violate his conditions of supervised release.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 21 months of imprisonment with 15 months of supervised release to follow.

Defendant exercises his right to allocute before the U.S. District Judge and his right to object to the report and recommendation of this Court.

**SIGNED this 7th day of June, 2018.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE